UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DEANNA THOMAS | CIVIL ACTION |
| VERSUS | NO. 21-698 |
| ROBERT TEWIS, ET AL. | SECTION: "T" (3) |

## ORDER AND REASONS

Before the Court is a Motion to Compel Discovery (R. Doc. 151) filed by Plaintiff Deanna Thomas. Defendants Robert Tewis and Kirt Arnold oppose the Motion[1] and Plaintiff has filed a reply memorandum.[2] Having carefully considered the parties' briefing and the record of this matter in the light of the applicable law, the Court grants the motion in part and denies it in part.

### I.    Background

Plaintiff, a homeless woman in her fifties, filed this civil rights lawsuit under 42 U.S.C. § 1983 and Louisiana state law.[3] Plaintiff asserted claims for excessive force; failure to intervene; deprivation of liberty and property without due process and without notice or opportunity to be heard; unconstitutional taking; unreasonable seizure; intentional and negligent infliction of emotional distress; negligence; and intentional tort arising from interactions with East Jefferson Levee District Police

---

[1] R. Doc. 162.
[2] R. Doc. 168.
[3] R. Doc. 57.

Department Officer Defendants Robert Tewis and Kirt Arnold (collectively, "Defendants").[4]

On an initial motion for summary judgment, the District Court dismissed Plaintiff's claims against the East Jefferson Levee District Police Department and its chief of police.[5] The District Court then granted summary judgment to Defendants on the remaining claims, holding that Plaintiff failed to rebut their assertion of qualified immunity.[6] The Fifth Circuit reversed that holding in part, concluding that Plaintiff had successfully demonstrated a genuine issue of material fact as to whether Tewis subjected her to excessive force. *Thomas v. Tewis*, 2024 WL 841229, at *1 (5th Cir. Feb. 28, 2024). Because the District Court had dismissed Plaintiff's state law claims and § 1983 bystander liability claim against Arnold solely on the ground that Tewis was entitled to qualified immunity on Plaintiff's claim for excessive force, the Fifth Circuit also vacated the District Court's dismissal of those claims. *Id.*

Now on remand, Plaintiff moves the Court to compel Defendants to produce unredacted copies of two Internal Affairs investigative reports relating to Plaintiff and its pre-litigation investigation of the incidents from which Plaintiff's claims arise.[7] In opposition, Defendants argue discovery remains limited to the question of Tewis's qualified immunity defense and that the documents Plaintiff seeks are thus

---

[4] *Id.*
[5] R. Doc. 107.
[6] R. Doc. 122.
[7] R. Doc. 151-1.

not discoverable.[8] In the alternative, Defendants assert that the redacted content is subject to various forms of privilege and is irrelevant.[9]

## II. Law and Analysis

Plaintiff challenges Defendants' redactions of two internal investigative reports.[10] Defendants claim these redactions are appropriate on several grounds.[11] None passes muster.

### A. Scope of Discovery

Defendants argue that the scope of discovery remains limited to qualified immunity. That is incorrect. Previously, the Court limited discovery in this matter to the issue of qualified immunity.[12] The record is clear that the purpose of the stay was to allow "for an expeditious summary judgment motion."[13] That motions practice has occurred. The Fifth Circuit stated that a "jury very well might find Thomas's evidence incredible, but at the summary judgment stage we are bound to conclude Thomas created a genuine dispute of material fact." *Thomas*, 2024 WL 841229, at *1. Further confirming that there is no need to cabin discovery at this stage, the Fifth Circuit observed that "[q]ualified immunity remains a possible defense and a question to be determined by the jury." *Id.* at *1 n.1. The Fifth Circuit has confirmed that qualified

---

[8] R. Doc. 162 at 8–11.
[9] *Id.* at 2–8.
[10] R. Docs. 162-1–2. The first report at issue comprises Tewis-Arnold 61–73, the second Tewis-Arnold 74–77.
[11] R. Doc. 162; *see also* R. Doc. 168-1 at 28–34.
[12] R. Doc. 23.
[13] R. Doc. 18-1 at 1.

immunity will be part of a full jury trial. There is no basis for continued bifurcation or delay of discovery.

### B. Draft Report on Internal Affairs' Investigatory Review (Tewis-Arnold 61-73).

Defendants extensively redacted a draft Internal Affairs report. Defendants broadly assert the redacted content includes: "Privileged findings, conclusions, and mental impressions of counsel irrelevant to this lawsuit; privileged evaluation and analysis of potential liability."[14] But this broad and generic invocation of privilege does not satisfy Rule 26.

#### 1. Work Product

Although Defendants claim the document contains "mental impressions of counsel," the extent of counsel's involvement in the draft report is unclear. The parties' briefing indicates that a redacted excerpt at TA 67 "reflects the substance of a discussion involving Michelle White, Executive Counsel, Southeast Louisiana Flood Protection Authority-East[.]"[15] While it is conceivable that the conversation was privileged, Defendants have not made such a showing. Defendants do not assert that Ms. White represents or ever represented them. Nor do they claim any common interest privilege. Defendants' privilege log is therefore insufficient to show that the redacted content on Tewis-Arnold 67 is protected from disclosure. *See In re Chinese Manufactured Drywall Prods. Liab. Litig.*, 2014 WL 7135657, at *3 (E.D. La. Dec. 12, 2014) ("The work product doctrine protects documents and other tangible things

---

[14] R. Doc. 168-1 at 29.
[15] *Id.* at 5–6 (quotation on 6).

4

prepared *by a party or representative of a party*, including attorneys, consultants, agents, or investigators in anticipation of litigation") (citing *Hickman v. Taylor,* 329 U.S. 495, 509 (1947); *United States v. Nobles,* 422 U.S. 225, 239 (1975)) (emphasis added).[16] Nonetheless, in an abundance of caution, the Court will allow Defendants to provide a supplemental privilege log as to Tewis-Arnold 67, as described below.

Defendants also assert that certain redacted content relating to "EJLD policies" is protected from disclosure as work product.[17] Reports of internal police investigations, however, typically do not implicate work-product protection when "undertaken not in anticipation of litigation but rather as a routine procedure" following a potentially liability-inducing interaction between officers and the public. *See Frankenhauser, v. Rizzo*, 59 F.R.D. 339, 341–42 & n.5 (E.D. Pa. 1973) (deeming objections of attorney-client privilege or work-product protection to be "palpably inapplicable" to the disclosure of police reports made during a department's internal investigation following an officer-involved shooting). This information must be produced in unredacted form.

2. **Law Enforcement Privilege**

Defendants have redacted information in the report "regarding the investigator's evaluation of the officer's conduct and arrest reports" on the basis that

---

[16] Similarly, while Defendants claim that the draft report on internal affairs contains "notes regarding discussion with counsel," it is unclear whether this refers to the discussion with White or some other conversation. R. Doc. 162 at 6. And, even assuming Defendants are referring to the conversation with White, the individuals involved in and privy to that conversation have not been identified.
[17] R. Doc. 168-1 at 29.

5

it is subject to the law enforcement privilege. Citing to the ten *Frankenhauser* factors, Defendants claim that disclosure of this content "will likely have a chilling effect on government self-evaluation."[18]

The *Frankenhauser* factors guide the determination of whether the law enforcement privilege protects certain information from disclosure. The test requires "balancing the government's interest in confidentiality against the litigant's need for the documents." *Coughlin v. Lee*, 946 F.2d 1152, 1160 (5th Cir. 1991). As the Fifth Circuit has explained:

> The oft-cited *Frankenhauser* test consists of weighing the following ten factors: (1) the extent to which disclosure will thwart governmental processes by discouraging citizens from giving the government information; (2) the impact upon persons who have given information of having their identities disclosed; (3) the degree to which governmental self-evaluation and consequent program improvement will be chilled by disclosure; (4) whether the information sought is factual data or evaluative summary; (5) whether the party seeking discovery is an actual or potential defendant in any criminal proceeding either pending or reasonably likely to follow from the incident in question; (6) whether the police investigation has been completed; (7) whether any interdepartmental disciplinary proceedings have arisen or may arise from the investigation; (8) whether the plaintiff's suit is non-frivolous and brought in good faith; (9) whether the information sought is available through other discovery or from other sources; (10) the importance of the information sought to the plaintiff's case.

*In re U.S. Dep't of Homeland Sec.*, 459 F.3d 565, 570 (5th Cir. 2006) (citing *Tuite v. Henry*, 98 F.3d 1411, 1417 (D.C. Cir. 1996)).

Although Defendants cite to *Frankenhauser*, they do not address each factor, much less satisfy their burden to show that the factors shield the information at issue

---

[18] *Id.* at 3–4, 6 (quotation at 6) (citing *Frankenhauser*, 59 F.R.D. at 345.

6

here. While Defendants make a general argument that much of the content they seek to redact is "evaluative" rather than factual,[19] that is only one of the factors the Court must consider. Even assuming that this description is accurate, the fact that a document is "evaluative," by itself, is insufficient.[20]

Although Plaintiff does not have the burden, she has demonstrated that the other factors warrant disclosure. Significantly, there is no active investigation into or prosecution of Plaintiff. *See Williams v. Connick*, 2014 WL 1246771, at *7 (E.D. La. Mar. 25, 2014); *see also Coughlin*, 946 F.2d at 1159; *Frankenhauser*, 59 F.R.D. at 341 n.5. The record indicates that charges were refused in 2020. As the *Frankenhauser* court noted, "the great majority of cases that have considered the discoverability of law enforcement investigations have held that in general such discovery should be barred in ongoing investigations, but should be permitted when investigation and prosecution have been completed." *Id.* at 343 (citing *Wood v. Breier*, 54 F.R.D. 7, 11–12 (E.D. Wis. 1972)). And the Fifth Circuit has observed that the law enforcement privilege "lapses either at the close of an investigation or at a reasonable time thereafter based on a particularized assessment of the document." *In re Homeland Sec.*, 459 F.3d at 571 (5th Cir. 2006). On the showing made, any law enforcement

---

[19] The Court assumes, for purposes of argument, that Defendants' argument is an accurate recitation of the content of the report—although the Court does not adopt their legal conclusions. The assumption that the description is accurate precludes the need for *in camera* review.
[20] Defendants allege that disclosure would chill government self-evaluation, but they provide no facts, reasoning, or argument to support this conclusion.

7

privilege has long-since lapsed. *See also Connick*, 2014 WL 1246771, at *7; *Coughlin*, 946 F.2d at 1159; *Frankenhauser*, 59 F.R.D. at 341 n.5.

For the reasons above, Defendants must produce an unredacted version of Tewis-Arnold 61–73 *except* with respect to Tewis-Arnold 67. With respect to that page, Defendants must either update their privilege log to identify with precision the attorney communications (if any) at issue, including when, where, and how (i.e., the medium) the communications took place; each attorney's client(s), the individuals privy to the communications; and all individuals with whom the communications have been shared or described.

### C. "Departmental Efforts to Reduce Legal Liabilities" (Tewis-Arnold 74-77).

#### 1. Work-Product Protection and Law Enforcement Privilege

Defendants describe the second document as a "legal liability assessment report," but they have not indicated counsel had any role in the document's preparation.[21] Thus, while the document pertains to the department's efforts to reduce liability relative to Plaintiff's personal property claims, there is no indication that it is subject to attorney-client privilege or work-product protection. Moreover, work-product protection is generally inapplicable to internal police investigative reports. *Frankenhauser*, 59 F.R.D. at 341–42. And, for reasons that overlap with

---

[21] R. Doc. 162 at 6.

those set forth above, Defendants have not shown that the law enforcement privilege applies.

### 2. Relevance

Defendants argue that they redacted certain information in this document because it was irrelevant. But "parties may not unilaterally redact contents they deem to be irrelevant or nonresponsive." *See* Rule 34. Producing Documents, Electronically Stored Information, and Tangible Things, or Entering onto Land, for Inspection and Other Purposes, 1 Federal Rules of Civil Procedure, Rules and Commentary Rule 34 (2024). Absent an agreement among the parties, redactions may be made only for a properly asserted privilege or work-product protection. *Id.* The dismissal of Plaintiff's property-based claims[22] does not permit Defendants to withhold the redacted content of the second report based on relevance.

### 3. Witness Information

Finally, Defendants assert this document contains private and identifying third-party interviewee and police officer information.[23] Defendants maintain redaction is necessary "to avoid the chilling of witnesses' willingness to cooperate with investigations."[24] But the *Frankenhauser* court noted specifically that it did "not believe that rare instances of disclosure pursuant to a court order made after application of [its devised] balancing test would deter citizens from revealing

---

[22] The procedural history of the case was considered, however, under *Frankenhauser* in assessing the law enforcement privilege.
[23] R. Doc. 168-1 at 30.
[24] R. Doc. 162 at 7.

information to the police." *Frankenhauser*, 59 F.R.D. at 344; *see also City of Baton Rouge/Par. of East Baton Rouge v. Capital City Press, L.L.C.*, 4 So. 3d 807, 821–22 (2008) (rejecting the argument that disclosure of police investigatory files would "have a chilling effect on the reporting of violations" by police officers). In the absence of particularized argument or a weightier showing under the other *Frankenhauser* factors, the presence of this personal information is insufficient to alter the balance against disclosure and in favor of the government's interest in confidentiality.[25] Moreover, a protective order may address any potential concerns relative to the disclosure of witness information in this case. Defendants must produce Tewis-Arnold 74-77 to Plaintiff in unredacted form.

### III. Conclusion

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's Motion to Compel Discovery (R. Doc. 151) is **GRANTED IN PART** and that Defendants must produce to Plaintiff unredacted copies of Tewis Arnold 64-66 and 68-77 no later than **December 27, 2024**.

**IT IS FURTHER ORDERED** that the Motion is **DENIED IN PART** and that Defendants must either produce to Plaintiff an unredacted copy of the document labeled Tewis-Arnold 67 or file a supplemental privilege log with

---

[25] Defendants also cite to La. R. S. 40:2532 in support of this argument. That statute prohibits the release of certain personal law enforcement officer information "to the news media, press or any other public information agency[,]" but has no application to limit disclosure of this information to an adverse party in litigation.

detailed proper support for its assertion of privilege over the redacted content of that page no later than **December 20, 2024**.

**IT IS FURTHER ORDERED** that discovery in this matter will proceed within the full scope of the Federal Rules of Civil Procedure. Defendants must supplement any past discovery so that responses are no longer restricted to the issue of qualified immunity no later than **January 22, 2024**.

New Orleans, Louisiana, this 17th day of December, 2024.

                                    _____
                                    EVA J. DOSSIER
                                    UNITED STATES MAGISTRATE JUDGE