UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DEANNA THOMAS                                    CIVIL ACTION

VERSUS                                           NO: 2:21-698

ROBERT TEWIS, et al.                             SECTION: T (3)

## ORDER AND REASONS

Before the Court is Defendants', Lieutenant Kirt Arnold and Officer Robert Tewis (collectively "the Officers"), Motion for Summary Judgment. R. Doc. 179. For the following reasons, the motion is **DENIED**.

## BACKGROUND

### A.  Factual History

This is an alleged Section 1983 excessive force case. Plaintiff, Deanna Thomas, is a 59-year-old homeless woman who has been living in and around public locations in Kenner, Louisiana. R. Doc. 182-1. On April 6, 2020, Lieutenant Arnold was patrolling the Lake Pontchartrain levee when a cyclist reported that an individual was setting up camp on the levee near the Treasure Chest Casino. R. Doc. 179-5 at pp. 4-5. Lieutenant Arnold instructed Officer Tewis to respond to the report. R. Doc. 179-5 at p. 6; R. Doc. 179-6 at p. 5. When responding to the area, Officer Tewis discovered Plaintiff sitting near the levee with her belongings, a canopy type tent, a cot, and personal amenities. R. Doc. 179-6 at pp. 5-6. Lieutenant Arnold also reported to the scene in a different police truck. R. Doc. 182-1 at ¶ 9. Officer Tewis instructed Plaintiff to leave the levee and collect her belongings because their presence violated La. R.S.

1

38:225(A)(1)(a), which prohibits the placement of any object, material, or matter of any kind which obstructs or interferes with the safety of the levees or is an obstacle to the inspection, construction, maintenance, or repair of any levee.  R. Doc. 179-6 at pp. 6-7; La. R.S. 38:225. Plaintiff however argues that La. R.S. 38:225(B) only allows objects to be removed after "forty-eight hours' notice" and claims that she could not move the objects by herself due to her size, age, and weight. R. Doc. 182 at pp. 3-4. Plaintiff maintains that she asked Officer Tewis if she could remove her belongings when her friend came by later that day. R. Doc. 182-2 at ¶¶ 1-2.

Officer Tewis allegedly denied the request and Plaintiff claims that at this moment he intended to arrest her. R. Doc. 115 at p. 8. Plaintiff then alleges she told Officer Tewis that she needed to retrieve her charged phone, plugged in away from her but visible to the Officers, to stay in contact with her children, but Officer Tewis did not acknowledge the request. *See* R. Doc. 182-1 at ¶¶ 10-12. When walking away to get her phone, Plaintiff contends Officer Tewis grabbed her from behind and handcuffed her. *Id.* The parties dispute when Officer Tewis put handcuffs on Plaintiff or if he told her that she was under arrest. *Id.* at ¶ 13; R. Doc. 179-6 at p. 11.

While in handcuffs, Plaintiff alleges Officer Tewis "grabbed her and forcibly slammed her body to the ground." R. Doc. 182-2 at ¶ 5. Plaintiff claims that the force broke her glasses, scraped her face and knuckles, and caused her to release her bowels involuntarily. *Id.*; R. Doc. 182-2 at ¶ 16. When on the ground, Plaintiff asserts Officer Tewis drove his knee into her left shoulder, bent her right shoulder, and jammed her thumbs against the cuffs. R. Doc. 182-2 at ¶ 16. During this incident, Plaintiff alleges Lieutenant Arnold observed the incident and never intervened. R. Doc. 182-1 at ¶ 19. The Officers dispute this account and contend that Plaintiff went down on her own

2

accord when being escorted to the police truck. R. Doc. 179-6 at p. 11.

The issue in this motion for summary judgment is the alleged injuries. Through declarations and her own statements, Plaintiff claims Officer Tewis caused her various physical, mental, and emotional injuries. Plaintiff attests that when she was allegedly thrown to the ground, she suffered injuries to her "face, nose, knuckles, shoulders, and wrists," and suffered "severe pain to [her] back and shoulder" when Officer Tewis forced his knee into her back. R. Doc. 182-1 at p. 12 (citing R. Doc. 115-2 at ¶¶ 11, 13). She claims ongoing pain in her "neck, shoulder, arm, hip, and three fingers on her right hand," from the incident and that she has "not regained full mobility of [her] wrist." R. Doc. 182-1 at ¶¶ 24, 28. Plaintiff also complains of mental and emotional injuries alleging anxiety, fear, difficulty sleeping, and intimidation in the presence of police vehicles. R. Doc. 57 at p. 19-20; R. Doc. 182-1 at ¶¶ 25-26.

However, the Officers assert that none of the alleged injuries is supported by medical documentation. R. Doc. 179. Plaintiff concedes that she did not seek medical treatment because of "the shock of her arrest, fear of contracting COVID-19, her anxiety around, and distrust of law enforcement during and after the arrest, and her inability to pay for such treatment." R. Doc. 182 at p. 15. Despite not seeking custodial medical treatment, Plaintiff asserts that a correctional officer noticed that she soiled her clothes, offered new underwear, and washed her garments. R. Doc. 182-1 at ¶¶ 23-24; R. Doc. 115 at p. 5.

## B.  <u>Procedural History</u>

In Plaintiff's First Amended Complaint, she levied multiple claims against the Officers. R. Doc. 53. The Court disposed of most of the allegations in a motion to dismiss. R. Doc. 107. The

3

Officers then sought summary judgment to dispose of Plaintiff's remaining claims—including the Section 1983 excessive force and failure to intervene/bystander liability claims. R. Doc. 112. There, the Officers argued Plaintiff was unable to establish with competent evidence that she suffered more than a *de minimis* injury. *Id.* at pp. 9-11. They contended that because Plaintiff failed to support her injuries with medical evidence, i.e., "medical records" or "photographs," Plaintiff could not establish a required element for excessive force and without a viable excessive force claim, she could not sustain her failure to intervene claim. *Id.* at pp. 9-12. The Court agreed and granted summary judgment for the Officers holding that Plaintiff could not prove she sustained more than a *de minimis* injury. R. Doc. 122. The Court accepted the Officers' argument that Plaintiff's mere declarations did not offer objective proof of her physical or mental injuries. *Id.* at pp. 6-9. Plaintiff appealed. R. Doc. 124.

The Fifth Circuit reversed. R. Doc. 133.[1] It held "[Plaintiff] did produce evidence to support her claim that [Officer] Tewis used excessive force by throwing her to the ground while she was restrained and subdued." R. Doc. 133 at p. 4. The Fifth Circuit also held "while the extent of [Plaintiff's] damages is unclear, she produced some evidence suggesting the officers' actions resulted in an injury that is more than *de minimis* under our precedents. *See Alexander v. City of Round Rock*, 854 F.3d 298, 309 (5th Cir. 2017)." *Id.* Because Plaintiff's excessive force claim survived summary judgment, the Fifth Circuit also vacated dismissal for the failure to intervene claim. *Id.* at p. 5.

---

[1] The Fifth Circuit affirmed the Court's grant of summary judgment to dismiss the unreasonable seizure claim. R. Doc. 133 at p. 4.

4

After remand, the parties conducted additional discovery. The Officers now file this renewed motion for summary judgment and again argue that Plaintiff offers no evidence to support her injuries or that at best, such injuries are *de minimis*. R. Doc. 179 at pp. 11-15. Specifically, the Officers contend that Plaintiff offers no affirmative evidence that she suffered "general 'physical and emotional injury'" because Plaintiff confirmed "(1) she never sought medical treatment for the alleged injuries; (2) she accordingly has incurred no bills or expenses in connection with the alleged injury and/or damages; and (3) she does not possess any medical data, documents or things which would prove (or raise a genuine issue of fact as to) the injuries." *Id.* at p. 12. New to this motion, the Officers submit additional discovery which they claim negates Plaintiff's complained injuries: a booking photo, a prisoner intake form, and additional discovery responses from Plaintiff. *Id.* at pp. 13-14. The Officers conclude that because no evidence supports her generalized allegations of pain or injury, Plaintiff cannot defeat summary judgment. *Id.* at pp. 14-15.

Plaintiff first argues that this renewed summary judgment motion is procedurally inappropriate. R. Doc. 182 at pp. 8-11. Rather, Plaintiff asserts that the record is nearly identical to the prior motion for summary judgment where the Fifth Circuit held that Plaintiff's statements constituted enough evidence to suggest a more than *de minimis* injury at summary judgment. *Id.* at pp. 13-16. Even if the Officers properly supplemented the record, Plaintiff argues the additional discovery is consistent with her claim that she merely failed to report any injuries to the police department immediately after the incident. *Id.* at p. 10. She also maintains that the additional discovery does not overcome her sworn statements and claim that a correctional officer noticed, replaced, and cleaned her soiled clothes. *Id.* at p. 13. In sum, Plaintiff argues that her previously

5

recognized evidence, which was held to create a genuine dispute of material fact, still supports this dispute. *See generally id.*

## <u>LAW & ANALYSIS</u>

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A genuine dispute as to a material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Rogers v. Bromac Title Servs., L.L.C.*, 755 F.3d 347, 350 (5th Cir. 2014) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). "[T]he plain language of Rule 56(c) mandates the entry of summary judgment ... against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The Court however "construes 'all facts and inferences in the light most favorable to the nonmoving party.'" *McFaul v. Valenzuela*, 684 F.3d 564, 571 (5th Cir. 2012) (quoting *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010)). "A non-movants' summary judgment evidence must be taken as true." *Waste Mgmt. of Louisiana, L.L.C. v. River Birch, Inc.*, 920 F.3d 958, 964 (5th Cir. 2019).

Plaintiff's evidence, when accepted as true, supports a greater than *de minimis* injury. As the Fifth Circuit explicitly recognized in this case, Plaintiff's already existing evidence was held to defeat summary judgment. R. Doc. 133 at p. 4. Plaintiff attests that, as a result of being thrown to the ground and kneed in the back, after she was already handcuffed and subdued, she suffered injuries to her "face, nose, knuckles, shoulders, and wrists," and to her "back and shoulder," with

ongoing injuries to her "neck, shoulder, arm, hip, and three fingers on her right hand," and has "not regained full mobility of [her] wrist." R. Doc. 182-1 at ¶¶ 13-14, 24-28. These injuries, as complained, result from an alleged unnecessary amount of force in light of the circumstances and therefore satisfy the *de minimis* standard at this stage. *See Alexander*, 854 F.3d at 309. A *de minimis* injury is met "as long as a plaintiff has suffered 'some injury' even relatively insignificant injuries…when [the injuries] result[] from an officer's unreasonably excessive force." *Brown v. Lynch*, 524 Fed.Appx. 69, 79 (5th Cir. 2013) (quoting *Ikerd v. Blair*, 101 F.3d 430, 434–35 (5th Cir. 1996)). Plaintiff has consistently stated that she was thrown to the ground and kneed in the back and that such force was unnecessary because she was already in handcuffs and was not resisting. R. Doc. 182 at p. 4. The Officers do not contend that such force was necessary. *See* R. Doc. 179-1 at p. 3. They instead suggest that no force was used because Plaintiff went to ground on her own accord. *Id.* But this is a material factual dispute that must be assessed by the fact finder.

The Officers' additional discovery does not overcome the Fifth Circuit's conclusion that "Plaintiff also produce[d] some evidence suggesting…more than *de minimis*" injury such that the Court is "bound to conclude [Plaintiff] created a genuine dispute of material fact." R. Doc. 133 at pp. 4-5. In the previous motion for summary judgment, Plaintiff like here, presented the same statements detailing her injuries and indicated that she feared contracting COVID-19—consistent with her explanation for why she did not seek medical treatment. R. Doc. 115 at p. 13 (listing Plaintiff's complained injuries); *see also* R. Doc. 115-1 at ¶ 40 (detailing Plaintiff's concerns about contracting COVID-19). The Officers made the same argument that Plaintiff's evidence, declarations, and statements, could not support an excessive force claim. R. Doc. 112 at pp. 8-11.

The Fifth Circuit unequivocally rejected the Officers' argument and held that these statements meant Plaintiff "produced some evidence" to support her injuries and that "at the summary judgment stage [the Court] [is] bound to conclude [Plaintiff] created a genuine dispute of material fact." R. Doc. 133 at pp. 4-5.

A booking photograph, intake report, and discovery responses may further undermine the credibility of Plaintiff's evidence but "credibility determinations have no place in summary judgment proceedings." *Koerner v. CMR Constr. & Roofing, L.L.C.*, 910 F.3d 221, 227 (5th Cir. 2018) (citing *Richardson v. Oldham*, 12 F.3d 1373, 1379 (5th Cir. 1994)). As the Fifth Circuit noted, a "non-movants' summary judgment evidence must be taken as true." R. Doc. 133 at p. 5 (quoting *Waste Mgmt. of Louisiana, LLC*, 920 F.3d at 964 (accepting as true "statements made in [a] factual basis and deposition")). Plaintiff's evidence remains unchanged. Therefore, the Court is duty bound to follow the Fifth Circuit and accept that Plaintiff's "evidence suggest[s] the officers' actions resulted in an injury that is more than *de minimis*." R. Doc. 133 at p. 4. The Court must also deny summary judgment on the failure to intervene claim because the Officers solely argued it should be dismissed for lack of a valid excessive force claim. R. Doc. 179-1 at p. 15. "A jury very well might find [Plaintiff's] evidence incredible" at trial and the Court notes that "qualified immunity remains a possible defense." R. Doc. 133 at p. 4, n. 1. In the meantime, the Court is required to apply the Fifth Circuit's finding of a genuine dispute of material fact.

Accordingly,

**IT IS ORDERED** that Defendants' Motion for Summary Judgment, R. Doc. 179, is **DENIED**.

New Orleans, Louisiana, this 12th day of May 2025.

_____
GREG GERARD GUIDRY
UNITED STATES DISTRICT JUDGE